IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
99 DEC 22 PM 3: 35
U.S. DISTRICT COURT
N.D. OF ALABAMA

FJC GROWTH CAPITAL )
CORPORATION, )
)
    PLAINTIFF, )
)
VS. )   CV99-H-633-NE
)
DESTIN STEAKHOUSE, INC., a )
corporation; GERALD CRUZ )
ASSOCIATES, INC., a )
corporation; and GERALD CRUZ, )
)
    DEFENDANTS. )

ENTERED
DEC 22 1999

MEMORANDUM OF DECISION

Pursuant to the November 2, 1999 order, as modified November 22, 1999, taking under submission the October 29, 1999 motion of plaintiff for summary judgment, such motion for summary judgment is now before the court. In support of the motion plaintiff filed the affidavit of W. B. Noojin (with attachments) and the affidavit of Allen Davis. Notwithstanding the extension of time given to defendants by the November 22, 1999 order, defendants have filed nothing in opposition to the motion for summary judgment. That is not surprising since this is a garden variety suit by plaintiff to collect under guaranties executed by defendants in connection with promissory notes executed by Sharktooth Destin, Inc. It is undisputed that Sharktooth duly

27

executed the five promissory notes attached to the Noojin affidavit as Exhibits 1 through 5.  It is further undisputed that the defendants duly executed the guaranty agreements attached to the Noojin affidavit as Exhibits 6 through 17, which guaranty agreements guaranteed the five Sharktooth promissory notes.  It is further undisputed that, including $11,000 for attorneys fees which without dispute are reasonable, the sums due and owing under the promissory notes guaranteed by defendants as of September 6, 1999 totaled $1,849,348.26, with a per diem interest subsequent to that date of $450, or a total additional interest of $47,700 for a total indebtedness of **One Million Eight Hundred Ninety Seven Thousand Forty Eight and 26/00 Dollars ($1,897,048.26)**.  It is further undisputed that such amount is past due and unpaid.  It is further undisputed that there are no credits or set-offs against the amount due.

In their answer defendants filed a counterclaim for breach of fiduciary duty.  Defendants have submitted no evidence in support of a judgment in their favor on the counterclaim.  The counterclaim alleges a breach of fiduciary duty occurring during all relevant periods of time.  It is undisputed that as of November 14, 1997 each defendant duly executed the release attached to the Noojin affidavit which released plaintiff from any conduct occurring on or prior to November 14, 1997.  The

2

allegations in the counterclaim, unsupported by evidence, simply cannot suffice to prevent plaintiff prevailing on its motion as applicable to the counterclaim.

There being no dispute as to any material fact, the court concludes that plaintiff is entitled to a judgment in its favor for the total sum of **One Million Eight Hundred Ninety Seven Thousand Forty Eight and 20/00 Dollars** ($1,897,048.26) and a judgment in its favor with regard to the counterclaim. A separate final judgment will be entered.

The court will leave as moot the November 29, 1999 motion for sanctions.

DONE this 22nd day of December, 1999.

_____
SENIOR UNITED STATES DISTRICT JUDGE

3